In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00048-CR


______________________________




GARY LEE ALLEN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 13,816-93




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Ross



MEMORANDUM OPINION



 On January 24, 1994, Gary Lee Allen pled guilty to four separate charges of forgery
in a single hearing. The indictment in each case alleged Allen had two prior, sequential
felony convictions, thereby raising the punishment range in each case to no fewer than
twenty-five years, nor more than ninety-nine years, or imprisonment for life. See Tex. Pen.
Code Ann. § 12.42(d) (Vernon 2003), § 32.21. (1) 

 On January 31, 2002, the trial court adjudicated Allen's guilt and sentenced him to
twenty-five years' imprisonment in all four cases, with each sentence to be served
concurrently. This appeal concerns only his conviction for forgery in trial court cause
number 13,816-93. Each case was appealed separately, but the briefs in all four cases
are substantively identical: Allen's counsel has reviewed the record and determined there
are no nonfrivolous issues that may be raised; he asks that we allow him to withdraw as
counsel pursuant to Anders v. California, 386 U.S. 738 (1967).


 Since the briefs and arguments raised therein are identical in each appeal, for the
reasons stated in Gary Lee Allen v. The State of Texas, No. 06-02-00045-CR, we likewise
affirm the trial court's judgment.


 Donald R. Ross

 Justice


Date Submitted: April 24, 2003

Date Decided: April 25, 2003


Do Not Publish

1. Amended by Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen.
Laws 3586, 3643-44. 


HE MATTER OF THE
MARRIAGE OF
JOHN S. ZVARA AND
JOANNE M. GILLIS
 
 


                                              

On Appeal from the 245th Judicial District Court
Harris County, Texas
Trial Court No. 2001-13576


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          John S. Zvara appeals from an order of enforcement rendered by the trial court
directing him to turn over property pursuant to his divorce from Joanne M. Gillis. The
problem, from Zvara's point of view, is that stocks were the property involved, and between
the time of mediation in March 2002 and the date on which the court ordered Zvara to give
Gillis her portion of the stocks, October 11, 2002, their value dropped drastically.
          The underlying activities in this lawsuit occurred in the following sequence:
March 5, 2002:                   Mediated settlement agreement
 
May 10, 2002:                    Divorce decree signed by trial court (ordering Zvara to transfer
two retirement accounts by Qualified Domestic Relations Order
(QDRO): 50% of Vanguard account as of March 5, 2002; and
49% in Schwab account as of March 5, 2002)
 
August 26, 2002:                Petition for enforcement filed

September 26-
October 9, 2002:                Hearing held on motion
 
October 11, 2002:              Court renders judgment in telephone conference
 
October 25, 2002:              Enforcement order signed (ordering Zvara to pay specific sums
of money to Gillis)
 
October 30, 2002:              Gillis' motion to set aside and correct enforcement order filed
 
November 15, 2002:          Corrected enforcement order signed
 
December 4, 2002:            Notice of appeal from the November 15 order of enforcement
filed
 
December 6, 2002:            QDRO signed

          Zvara does not attack the nature of the award or the procedure followed in obtaining
the order but, in four points of error, contends: (1) there is no or insufficient evidence to
support the monetary award and the court therefore erred by granting a monetary judgment
to Gillis; (2) the written judgment did not conform to the oral rendition; (3) the clarification
order and QDRO should be set aside because in those documents the trial court made
substantive changes to the decree of divorce; and (4) the "clarification order and QDRO
[must] be set aside because they are the fruits of the trial court wrongfully imposing its own
terms and conditions onto the parties' contractual agreements."
Issues on Appeal 
          The appeal in this case is not from the decree of divorce. No appeal was taken from
the decree, and it is now final. The appeal is from the order of enforcement of that decree,
in which Zvara contends that the trial court's order directing him to turn over specific dollar
amounts has no support in the evidence elicited at the enforcement hearing and that the
amounts as set out in the written judgment therefore cannot conform to the court's oral
rendition. We emphasize that, although his first issue states he attacks both the legal and
factual sufficiency of the evidence, the body of the brief and arguments made make no
such contention. He provides no standard to be applied in our review, and the only relief
sought is rendition. Thus, the argument actually made is a no-evidence claim, and we will
so address his appeal.
          In determining a no-evidence issue, we are to consider only the evidence and
inferences that tend to support the finding and disregard all evidence and inferences to the
contrary. Bradford v. Vento, 48 S.W.3d 749, 754 (Tex. 2001); Cont'l Coffee Prods. Co. v.
Cazarez, 937 S.W.2d 444, 450 (Tex. 1996). Anything more than a scintilla of evidence is
legally sufficient to support the finding. Cazarez, 937 S.W.2d at 450. 
          The enforcement order sets out seven violations of the decree by Zvara, including
refusing to release funds, transferring funds without tendering them to Gillis, refusing to list
their residence for sale, and failing to execute the necessary stock transfers to Gillis. The
court then found Zvara in contempt for each violation and ordered him to: 
1)Replace and transfer 50% of the March 5, 2002 money value of the
Vanguard Account No. 0990011908, into a Vanguard Account in the
name of JOANNE M. GILLIS, which said Fifty Percent (50%) equals
Forty-Four Thousand Nine Hundred Seventy-one and 50/100ths
($44,971.50) Dollars. JOHN S. ZVARA shall pay to JOANNE M.
GILLIS an additional amount equal to any dividends, splits, and other
rights and privileges of said account attributable to Vanguard Account
No. 0990011908 since March 5, 2002, until the date of replacement
and transfer. JOHN S. ZVARA shall pay to JOANNE MARIE GILLIS
the amount of One Thousand Seven Hundred Thirty-nine and
76/100ths ($1,739.76) Dollars representing the increased value in
said account, plus the Forty-Four Thousand Nine Hundred Seventy-one & 50/100ths ($44,971.50) Dollars, for a total due and payable to
JOANNE MARIE GILLIS of Forty-six Thousand Seven Hundred
Eleven & 26/100ths ($46,711.26) Dollars on or before November 15,
2002 at 10:00 a.m. in the 245th Judicial District Court of Harris
County, Texas. JOHN S. ZVARA is ORDERED to pay all taxes
and/or penalties associated with the removal of such shares from the
original Vanguard Account.
 
2)Release and transfer Forty-nine percent (49%) of the Schwab
Account value, Account # 9768-7131 as of March 5, 2002, into an
account in JOANNE MARIE GILLIS's name, Account #22104254,
along with any dividends, splits and other rights and privileges from
March 5, 2002 until the date of replacement and transfer. JOHN S.
ZVARA shall pay to JOANNE MARIE GILLIS all amounts under this
paragraph, for a total of $67,667.93 on or before November 15, 2002
at 10:00 a.m. in the 245th Judicial District Court of Harris County,
Texas. The Court finds that since JOHN S. ZVARA has taken his
portion of the Schwab Account, he shall transfer the entire Schwab
Account to JOANNE M. GILLIS no later than November 15, 2002 at
10:00 a.m. This amount will be credited toward the amount owed by
JOHN S. ZVARA to JOANNE M. GILLIS in this Order.

          In his argument, Zvara focuses his attention on testimony by Gillis in which she
stated that her intention was to liquidate the stock and purchase a house, and extrapolates
from her testimony that her true complaint was he did not turn over the assets in a "timely"
fashion. From that starting point, he then, in an extremely cursory fashion, suggests that,
because she had no evidence of a date that would have been "timely," and no evidence
of value on that date, then she presented no evidence to support an award.
          Gillis sought enforcement of the prior agreed division because Zvara had refused
to turn over the contents of the accounts. By so doing, she argued that any payment was
not made in a timely manner. However, the amount she claimed was due was the amount
awarded by the divorce decree: the amounts calculated in the mediated settlement
agreement signed by the parties March 5. When dividing the property of a marriage, the
trial court must find a point at which to value the property so that the division may be "just
and right" as required by the Texas Family Code. The parties had both agreed on a
property division March 5. Zvara therefore cannot now successfully argue there is no
evidence which would allow the court to enforce the division agreed to on that date. 
          We now turn to the dollar amounts awarded by the court. In this case, as
recognized by Zvara, there was clear and undisputed documentary evidence before the
trial court of the amounts in those accounts on March 5. Under this argument in his brief,
he complains error is shown because the court couched its award as a percentage when
it rendered its judgment in a telephone conference. Zvara does not complain about that
form of rendition, but contends that, because the enforcement order sets out the award in
terms of specific dollar amounts, it was rendered in error because he was not privy to the
mathematical computations used to arrive at the result.
          In the oral rendition, the trial court ordered Zvara to replace and turn over to Gillis
the March 5, 2002, money value of the Vanguard account, as shown by Exhibit 2, and to
transfer to her 49% of the Schwab account value, also as of March 5, as shown by
Exhibit 1. The court also ordered Zvara to provide whatever dividends, splits, or other
rights may have accrued from March 5 until the date of transfer. Those two exhibits
contain snapshot appraisals of the accounts and their values as of March 5.



          Exhibit 1 shows that, on March 5, 2002, the Schwab account had a market value of
$135,335.86. Exhibit 2 shows that, on March 5, 2002, the Vanguard account had a total
value of $89,943.01. There is a problem. As set out above, the division of the Vanguard
account, $89,943.01 X 50% = $44,971.50. Thus, the court's mathematics is correct. 
However, the court also multiplied the Schwab account balance by 50% instead of the 49%
specified in its order. The resulting difference is between $135,335.86 X 50% =
$67,667.93 (the amount awarded) and the correct computation of $135,335.86 X 49% =
$66,314.57.


 In other words, the court ordered payment by Zvara of $1,353.36 that was
not due under evidence specifically referenced in the trial court's order. 
          The court also ordered Zvara to pay an additional $1,739.46 that, in its findings of
fact, it states is the amount of "dividends, splits, and other rights and privileges" accruing
on Gillis' portion of the Vanguard account since the March 5 division date. However, we
have not been directed to, and we have not found, any evidence to support that award.
          There is evidence of the amount due. It is also clear the error made by the court is
a computational error. Thus, the contention of error is overruled. Under these
circumstances, we decline to remand the case to the trial court for correction of a simple
computational error. We therefore modify a portion of the court's judgment to render
judgment for 49% of the amount in the Schwab account, $66,314.57. We further modify
the judgment to also delete the award of $1,739.46 on the Vanguard account.
          Zvara last contends that the $6,682.00 awarded as attorney's fees is unsupported
by the evidence and also contends that it conflicts with counsel's testimony that her total
fees were $4,935.50. Zvara has not directed this Court to all of the relevant evidence. The
evidence he references does not include attorney's fees for the trial itself. At the
conclusion of evidence, Gillis' counsel tendered a summary of her fees charged for the trial
itself through 11:30 a.m. October 9, that raised the total to $5,971.50. In addition, in the
telephone conference at which the court rendered its judgment, it also directed Gillis'
counsel to prepare a QDRO and ordered Zvara to pay all fees and costs as reflected by
a final bill that was to be prepared after counsel prepared the QDRO. It is also apparent
that, after the telephone exchange October 11, counsel also requested and obtained a
corrected enforcement order November 15, as well as providing the QDRO, which was
signed December 6. 
          The trial court had before it evidence that counsel charged $250.00 per hour for her
services and a specific invoice through 11:30 a.m. on the date of the hearing totaling
$5,971.50. Although counsel was directed to provide a bill for her later services, none
appears in this record. The difference between the amount eventually awarded and the
evidence tendered at the hearing is just over $1,000.00, or four hours' work by counsel at
her stated hourly rate.
          The contention is phrased only as a no-evidence contention, and we will review it
on that basis under the standard set out above. This Court has recently addressed a
situation in which similar information was provided to a fact-finder. In Holmes v. Concord
Homes, Ltd., 115 S.W.3d 310 (Tex. App.—Texarkana 2003, no pet.), we reviewed a
situation where counsel testified to specific dollar amounts incurred through a portion of
the trial, as well as to his regular rates. We concluded that, because the fact-finder
watched counsel conduct the trial, knew the hourly rate charged (and certainly the length
of time involved), and could easily determine the amount of additional charges, we could
not conclude the award of fees was unsupported by the evidence.
          In this case, the record does not clearly set out the length of the trial or the amount
of time counsel was before the court after the time reflected by the final invoice introduced
into evidence. It is apparent that, after that time, documents were filed and prepared by
counsel in obtaining corrections to the enforcement order, in obtaining or facilitating the
preparation and filing of a number of other documents that were the subject of the
enforcement action, and that counsel appeared before the court when it rendered the oral
judgment and as reflected by the docket, and appeared personally for the entry of the
QDRO. There is also evidence counsel appeared in court for the entry of the original
enforcement order October 25. 
          In light of the sequence of events set out above, which was necessarily before the
fact-finder in this case, we cannot say there is no evidence to support the award, including
an additional four hours of time expended by counsel. The contention of error is overruled.
          Zvara further contends the clarification order and the QDRO should be set aside
because they do more than clarify the divorce decree; they actually altered both the decree
of divorce and the underlying agreements of the parties. Clarification orders are explicitly
discussed in Tex. Fam. Code Ann. § 9.008 (Vernon 1998) in connection with contempt
proceedings, which is the context of this proceeding. Zvara correctly points out that the
clarification order cannot amend or change the actual division of the property. See Wilson
v. Uzzel, 953 S.W.2d 384, 391 (Tex. App.—El Paso 1997, no writ).
          Zvara argues that for the court to "clarify" the decree by directing him to list the
marital residence with a real estate broker other than himself—or any broker associated
with him—is beyond the language of the decree, which allowed him to list the house with
any broker, including himself. That argument disregards the fact that this clarification
proceeding was also an enforcement and contempt proceeding. There was evidence from
which the trial court could have concluded Zvara was making no effective effort to sell the
property and therefore ordered it listed for sale in some other fashion in order to expedite
the sale. 
          As an enforcement order, pursuant to Tex. Fam. Code Ann. § 9.007(a) (Vernon
1998), the trial court had the authority to render orders to assist in the implementation of
the property division. The order did not change the substantive division. The order merely
attempts to enforce the division already made. Error has not been shown. 
          Zvara also complains the trial court improperly changed the percentage award to
his ex-spouse on the Schwab account. He does not specify what change allegedly
occurred. We assume he is arguing the 49% – 50% dichotomy discussed and disposed
of above. Accordingly, we need not further address that matter under this contention of
error. 
          We affirm the judgment, as modified. 
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      January 7, 2004
Date Decided:         February 19, 2004